FILED
2026 Oct-13 PM 04:48
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **NAMEROS D. FORD,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No.: 2:26-cv-1137-ACA** |
| | } | |
| **TODD BLANCHE, et al.,** | } | |
| | } | |
| **Defendants.** | } | |

## MEMORANDUM OPINION

After the court ordered *pro se* Plaintiff Nameros Ford to show cause why it should not dismiss this action for lack of subject matter jurisdiction (doc. 3), Mr. Ford filed an amended complaint, alleging claims against Defendant Attorney General Todd Blanche under various federal statutes. (Doc. 4). The court then ordered Mr. Ford to show cause why the court should not dismiss his amended complaint for failure to state a claim on which relief may be granted. (Doc. 6).

In response, Mr. Ford argues that the court should not dismiss his case because he has stated "negligence" in his statement of claim, referenced other case numbers in his amended complaint, and requested "[r]eview and full compensation" in those cases. (Doc. 7). But merely stating "negligence," without providing additional facts to support such an allegation, does not state a plausible claim that would entitle Mr. Ford to relief under federal law. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(stating that "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient to state a plausible claim) (quotation marks omitted). In addition, Federal Rule of Civil Procedure Rule 8(a) does not allow a plaintiff to incorporate the facts from prior complaints; it requires instead that the plaintiff provide a "short and plain statement" showing that he is entitled to relief in the case at hand. Although the court acknowledges that *pro se* pleadings must be liberally construed, this leniency does not permit the court to probe into Mr. Ford's prior lawsuits for allegations beyond those asserted in the complaint itself. *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (observing that the court may not "serve as *de facto* counsel" for pro se litigants or "rewrite an otherwise deficient pleading in order to sustain an action").

Dismissal with prejudice is appropriate when a complaint cannot be more carefully drafted to state a claim. *Ounjian v. Globoforce, Inc.*, 89 F.4th 852, 862 (11th Cir. 2023). To the extent Mr. Ford's response is construed as a motion for leave to amend his complaint, the court **WILL DENY** the motion to amend as futile and **WILL DISMISS** this action **WITH PREJUDICE**. The court **WILL DENY** Mr. Ford's motion to proceed to trial (doc. 8) as **MOOT**.

The court will enter a separate final order consistent with this opinion.

**DONE** and **ORDERED** this October 13, 2026.

**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE